**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**GARY LEE ROLLINS,**                                )
                                                                    )
                    **Petitioner,**                            )
                                                                    )
**v.**                                                            )          **Civil Action Nos. 2:22-00585**
                                                                    )
**DONNIE AMES, Superintendent,**          )
                                                                    )
                    **Respondent.**                        )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 10), filed on April 20, 2023. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny without prejudice "Motion to Dismiss and for Summary Judgment" (Document No. 10).

**PROCEDURAL HISTORY**

**A.     Criminal Action No. 11-F-81:**

On September 13, 2011, the Grand Jury of Nicholas County, West Virginia, returned an Indictment against Petitioner charging him with murder of his wife, Teresa Rollins. State v. Rollins, Case No. 11-F-081 (Cir. Ct. Cabell Co. September 26, 2012); (Document No. 10-6, p. 7.) On August 21, 2012, following a four-day jury trial, Petitioner was convicted of murder with no recommendation of mercy. (Id., p. 8.); State v. Rollins, 2012 WL 10478649 (W.Va.Cir.Ct. Dec. 19, 2012). Petitioner, by counsel, filed a Motion for New Trial. See State v. Rollins, 2013 WL 7854118 (W.Va.Cir. Ct. Jan. 3, 2013). On September 26, 2012, the Circuit Court denied Petitioner's Motion for New Trial and conducted the sentencing hearing. Id. The Circuit Court

sentenced Petitioner to life in prison without the possibility of parole. Id.; State v. Rollins, 2013 WL 7854119 (W.Va.Cir.Ct. Jan. 3, 2013).

On May 15, 2013, Petitioner, by counsel, W. Brad Dorsey, filed a Petition for Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 1-1.) In his appeal, Petitioner raised the following assignments of error:

1. During his rebuttal argument, the Prosecuting Attorney made material misrepresentations to the jury when he expressed his later unfulfilled intention to indict the State's key witness which misrepresentation resulted in substantial prejudice and/or manifest injustice to the appellant.

2. The trial court erred in refusing to disqualify a juror for cause who was a past and current victim of domestic violence after she indicated she did not know if she could be fair in the instant case, which involved allegations that the appellant previously committed acts of domestic violence against the decedent.

3. The trial court committed plain error by allowing a juror to continue to serve on the jury after it was discovered during the course of the trial that the juror was a former client of the prosecuting attorney. Because this relationship was not discovered until after the jury was impaneled, the Appellant was denied his right to a meaningful and effective voir dire of the jury panel, which is necessary to effectuate the fundamental right to a trial by an objective and impartial jury as afforded by the United States Constitution and by the West Virginia Constitution.

4. The trial court erred in allowing the introduction of acts of prior domestic violence by the Appellant against the decedent, as the introduction of such evidence was improper under State v. McGinnis, the West Virginia Rules of Evidence pertaining to hearsay and the Confrontation Clause of the United States Constitution and West Virginia Constitution.

5. The trial court erred in allowing the State to present cumulative evidence through the testimony of multiple expert witnesses.

6. One of the State's expert witnesses changed his opinion on the stand and had no report to support his findings. This resulted in unfair surprise to defense counsel and afforded them no opportunity to prepare an adequate across-examination or a defense to his testimony.

      7.     The record shows that the cumulative effect of numerous errors prevented the Appellant from receiving a fair Trial and his conviction should be set aside.

(Id.) The State filed a responsive brief. (Document No. 10-6.) By Per Curiam Opinion filed on

June 17, 2014, the SCAWV affirmed Petitioner's conviction and sentence. (Document No. 1-2.);

also see State v. Rollins, 233 W.Va. 715, 760 S.E.2d 529 (2014).

**B.**    **State *Habeas* Petition:**

      On May 23, 2015, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in

the Circuit Court of Nicholas County. Rollins v. Ballard, Case No. 15-C-29 (Cir. Ct. Nicholas

Co.); (Document No. 1-3.) Subsequently, the Circuit Court appointed Kevin W. Hughart and M.

Tyler Mason as *habeas* counsel. (Id.) On November 7, 2017, Attorneys Hughart and Mason filed

an Amended *Habeas* Petition on behalf of Petitioner asserting the following grounds:

    A.     Court failed to remove jurors who should have been stricken for cause:

        1.     Joanne Marie Reed is the daughter of Trooper Reed who was stationed in Charleston, W. Va., at the time of the trial. Ms. Reed was not excused for cause (T. Tr., pp. 53-55, 83-86).

        2.     Katherine K. Johnson (T. Tr., pp. 26, 56-57, 86-88) is the mother-in-law of Mark Painter, a state trooper, stationed in Beckley. Mrs. Johnson was not excused for cause.

        3.     Tiffany Montgomery acknowledged that her father abused her mother. (T. Tr., p. 161).

        4.     Susie Jordan an admitted victim of domestic abuse was not excused for cause.

    B.     Forced to use preemptory challenges to remove jurors who should have been stricken for cause.

    C.     Petitioner was denied a fair trial by an impartial jury as secured by the Sixth Amendment to the United States Constitution.

D.      Juror misconduct by Juror Nelson Paul Bailes.

E.      The Circuit Court committed error by permitting 404(b) evidence, allowing the State to present cumulative evidence and gave improper jury instructions.

F.      Petitioner was denied Due Process of Law as secured by the U.S. Constitution and Article III and XX to the West Virginia Constitution when the elected Prosecuting Attorney of Nicholas County used improper methods calculated to produce a wrongful conviction.

G.      Ineffective assistance of counsel.

H.      Prosecutor misconduct.

I.      Knowing use of perjured testimony and bolstering of witness.

J.      Cumulative error doctrine.

K.      Ineffective assistance of counsel on appeal.

(Document Nos. 1-4 and Document No. 10-10, p. 6.) The Circuit Court conducted an omnibus hearing on January 17, 2019, and January 30, 2019. (Document Nos. 1-5, p. 3, 10-7, and 10-8.) The Circuit Court heard testimony from the following: (1) Regina Lucente, sister of Teresa Rollins; (2) Maria Bailey, sister of Teresa Rollins; (3) Joanne McNemar, sister of Teresa Rollins; (4) Sgt. Ron Lilly; (5) Wayne VanBibber, Petitioner's trial counsel; (6) Tim C. Carrico, Petitioner's trial counsel; (7) Herbert Gardner, a private investigator; (8) James R. Milam, II, the former Prosecutor for Nicholas County; (9) Johnathan Craig Sweeney, former Assistant Prosecuting Attorney for Nicholas County;[1] (10) Brad Dorsey,[2] appellate counsel for Petitioner's direct appeal; (11) Cynthia Stanton, the Chief Public Defender for the 28th Judicial Circuit; (12) April Bailes; (13)

---

[1] At the time of the omnibus hearing, Mr. Sweeney testified that he was the current Prosecutor for Nicholas County.

[2] At the time of the omnibus hearing, Mr. Dorsey testified that he was currently a Judge in the Family Court for Nicholas County.

Cynthia Kesterson; (14) Mabel Catherine Bailes, wife of Nelson Paul Bailes; (15) Juror Nelson

Paul Bailes; and (16) Petitioner. (Id.) By Order entered on January 16, 2020, the Circuit Court

denied Petitioner's *habeas* Petition. (Document No. 1-5.); also see Rollins v. Ballard, 2020 WL

12811745 (W.Va.Cir.Ct. Jan. 16, 2020).

Petitioner, by counsel, Attorneys Hughart and Mason, filed his appeal concerning the

Circuit Court's decision denying his *habeas* Petition. (Document No. 1-6.) On May 21, 2020,

Petitioner filed his brief raising the following grounds:

1.   The Circuit Court committed reversible error when it failed to grant the
     relief requested in the Petitioner's Amended Petition for Writ of Habeas
     Corpus based on the errors raised concerning the State's use of perjured
     testimony, prosecutorial misconduct, and prejudicial, false statements made
     to the jury with respect to an undisclosed immunity/plea deal between the
     state and its star witness in the Petitioner's original trial.

2.   The Circuit Court erred when it denied the Petitioner relief based on newly
     discovered evidence that one of the jurors on the case was the great uncle
     of the State's star witness, April Bailes.

3.   The Circuit Court erred in finding that the Petitioner did not receive
     ineffective assistance of trial or appellate counsel.

(Id.) On June 30, 2020, the State filed its Brief. (Document No. 10-9.) By Memorandum Decision

filed on June 10, 2022, the SCAWV affirmed the decision of the Circuit Court. (Document No. 1-

7.); also see Rollins v. Ames, 2022 WL 2093415 (W.Va. June 10, 2022). On August 3, 2022,

Petitioner, acting *pro se*, filed a Petition for Writ of Certiorari with the United States Supreme

Court. (Document No. 10-10.) The United States Supreme Court denied the petition on January 9,

2023. Rollins v. Ames, ___ U.S. ___, 143 S.Ct. 581, 214 L.Ed.2d 344 (2023).

**C.    Section 2254 Petition:**

On December 16, 2022, Petitioner, by counsel, filed his Petition Under 28 U.S.C. § 2254

for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1). In his Petition,

Petitioner alleges the following grounds for *habeas* relief:

1. Prosecutorial misconduct in the form of lying to the jury and suppressing evidence of a witness inducement:

   The prosecuting attorney at trial lied to the jury about his intention to prosecute a State's witness in an effort to falsely bolster her testimony. He claimed that the jury could "bet your behind" that April Bailes would be indicted. However, the prosecutor had disclaimed his intention of prosecuting the witness to the court prior to trial, and had also failed to inform the petitioner or his counsel about any discussions/offers/promises of leniency made to induce her testimony. Petitioner incorporates the facts set forth in the attachments to this Petition.

2. Deprivation of an impartial jury of qualified jurors, and of fairness in jury procedures:

   The Petitioner's jury was tainted by several factors. It was ascertained after trial that there was a relationship between a juror and the State's star witness, April Bailes. Specifically, a juror was the Great Uncle of April Bailes. Additionally, another juror was the former employee of the Prosecuting Attorney, and was allowed by the trial judge to remain on the jury when this was ascertained. The trial court failed to strike yet another juror for cause after she indicated that she was uncertain whether she could be fair in a case involving allegations of domestic violence. The Petitioner was required to use peremptory strikes on jurors who should have been removed for cause, and did not ultimately have a fair and impartial jury subject to fair voir dire and jury selection process. The Petitioner incorporates the facts set forth in the attachments to this Petition.

3. Errors of constitutional scope in evidentiary rulings:

   The trial court erred in its rulings on a number of evidentiary issues. First, the trial court wrongly permitted collateral acts evidence to be admitted against the Petitioner. Second, the trial court allowed prejudicially cumulative expert testimony to be offered against the Petitioner. Third, the trial court granted no suitable relief to the Petitioner when a State's expert witness surprised the Petitioner by changing opinion while on the stand at trial with no prior disclosed report to support the changed opinion.

(Id.) As Exhibits, Petitioner attached the following: (1) A copy of Petitioner's "Brief to Perfect

6

Appeal" as filed with the SCAWV on May 15, 2013 (Document No. 1-1.); (2) A copy of the SCAWV's Opinion denying Petitioner's direct appeal (Document No. 1-2.); (3) A copy of Petitioner's State *Habeas* Petition (Document No. 1-3.); (4) A copy of Petitioner's Amended State *Habeas* Petition (Document No. 1-4.); (5) A copy of the Circuit Court's Order denying Petitioner's State *Habeas* Petition (Document No. 1-5.); (6) A copy of Petitioner's Brief as filed with the SCAWV concerning his *habeas* appeal (Document No. 1-6.); and (7) A copy of the SCAWV's Memorandum Decision denying Petitioner's appeal (Document No. 1-7.).

By Order entered on January 4, 2023, the undersigned directed Respondent to file a Response to Petitioner's Petition. (Document No. 4.) On April 20, 2023, Respondent filed his "Motion to Dismiss and for Summary Judgment" and Memorandum in Support. (Document Nos. 10 and 11.) As Exhibits, Respondent filed the following: (1) A copy of the trial transcripts (Document Nos. 10-1, 10-2, 10-3, 10-4, and 10-5.); (2) A copy of the State's Brief as filed with the SCAWV on June 27, 2013, concerning Petitioner's direct appeal (Document No. 10-6.); (3) A copy of the transcripts from the omnibus hearing as conducted on January 17, 2020, and January 30, 2020 (Document Nos. 10-7 and 10-8.); (4) A copy of the State's Brief as filed with the SCAWV on June 30, 2020, concerning Petitioner's *habeas* appeal (Document No. 10-9.); and (5) A copy of Petitioner's "Petition for Writ of Certiorari" as filed with the United States Supreme Court on August 3, 2022 (Document No. 10-10.). On July 6, 2023, Petitioner, by counsel, filed a Response in Opposition. (Document No. 17.) On July 13, 2023, Respondent filed a Reply. (Document No. 18.)

## THE APPLICABLE STANDARDS

Federal *habeas* relief is available to a State prisoner under 28 U.S.C. § 2254, only if the

prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(2002); See also Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995). Section 2254(d) provides that when the issues raised in a Section 2254 Petition were raised and considered on the merits in State Court *habeas* proceedings, federal *habeas* relief is unavailable unless the State Court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To trigger the above AEDPA deference, a State Court's decisions must be "adjudicated on the merits." Gordon v. Braxton, 780 F.3d 196, 202 (4th Cir. 2015)(If the State court's decision does not qualify as an "adjudication on the merits," AEDPA deference is not triggered and the Court must review the issue *de novo*.). A claim is "adjudicated on the merits" if the claim "is exhausted in state court and not procedurally defaulted." Gray v. Zook, 806 F.3d 783, 798 (4th Cir. 2015)(citation omitted); also see Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)(explaining that a claim has been adjudicated upon the merits where the claim was "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree"); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogation on other grounds recognized by United States v. Barnett, 644 F.3d 192 (4th Cir. 2011)(Exhaustion requires that a claim be "fairly presented," such that the claim was presented face-up and squarely, providing an opportunity for review by the highest state court.) It is a case-specific inquiry as to whether a claim has been "adjudicated on the merits," but a "claim is not 'adjudicated on the merits' when the state court makes its decision 'on a materially incomplete record.'" Braxton, 780 F.3d at 202 (citing Winston

v. Kelly (Winston I), 592 F.3d 535, 544 (4th Cir. 2010)(The record may be materially incomplete if a state court "unreasonably refuses to permit further development of the facts.") The Fourth Circuit has explained that where a state court "unreasonably refuses to permit further develop of the facts," it passes up the opportunity that exhaustion ensures. Winston v. Pearson (Winston II), 683 F.3d 489, 496 (4th Cir. 2012)(exhaustion requires that a state court have an opportunity to apply the law and consider all relevant evidence to petitioner's claim). Additionally, the "adjudication on the merits" requirement does not exclude "claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999); also see Winton II, 683 F.3d at 502(discussing Harrington v. Richter, 562 U.S 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)(noting that although a state court's summary denial may be presumed an "adjudication on the merits," a federal court may still find that the state court did not adjudicate a claim on the merits if the thoroughness of the state court's development of the record is challenged and there was a materially incomplete record before the state court.) When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830, 122 S.Ct. 74, 151 L.Ed.2d 39 (2001). The Court, however, must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158; also see Harrington, 562 U.S at 98 – 99, 131 S.Ct. at 770("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found

9

insufficient, for § 2254(d) applies when a 'claim,' not a component of one, has been adjudicated.").

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court stated that under the "contrary to" clause in § 2254(d)(1), a federal *habeas* Court may grant *habeas* relief "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13, 120 S.Ct. at 1523. A federal *habeas* Court may grant relief under the "unreasonable application" clause of § 2254(d)(1) where the State Court identified the appropriate Supreme Court precedent but unreasonably applied the governing principles. Id.(A "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."); also see Woods v. Donald, 575 U.S. 312, 135 S.Ct. 1372, 191 L.Ed.2d 464 (2015)(*per curiam*)(For a state court's decision to be an unreasonable application of clearly established federal law, the ruling must be "objectively unreasonable, not merely wrong; even clear error will not suffice.") Thus, a litigant must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S at 103, 131 S.Ct. at 770. When a petitioner challenges the factual determination made by the State Court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the fact.'" 28 U.S.C. § 2254(d)(2). In reviewing a State Court's ruling on post-conviction relief, "we are mindful that 'a determination on a factual issue made by the State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing

10

evidence.'" <u>Tucker v. Ozmint</u>, 350 F.3d 433, 439 (4th Cir. 2003); <u>also see</u> 28 U.S.C. § 2254(e).[3]

On this framework, consideration should be given to Respondent's request for denial of *habeas*

relief.

**Motion to Dismiss:**

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules

of Civil Procedure apply to motions to dismiss. <u>See</u> <u>Walker v. True</u>, 399 F.3d 315, 319, n. 1. (4th

Cir. 2005); <u>also see</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule

12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the

*habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254

petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas

court to 'assume all facts pleaded by the § 2254 petitioner to be true." <u>Walker v. Kelly</u>, , 139 (4th

Cir. 2009)(<u>citing</u> <u>Wolfe v. Johnson</u>, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not

obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or

arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" <u>Massey</u>

---

[3] Title 28, U.S.C. Section 2254(e) provides:

    (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
        (A) the claim relies on –
            (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
            (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition and any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139. Finally, the undersigned notes that the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in Section 2254 actions. Walker v. Kelley, 589 F.3d 127, 138-39 (4th Cir. 2009).

**Motion for Summary Judgment:**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party

on the evidence presented. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support non-moving party's claims, summary judgment is appropriate.

## ANALYSIS

**A.    Failure to State a Cognizable Section 2254 Claim:**

In his Motion, Respondent first argues that "Petitioner has failed to state a claim cognizable for relief under 28 U.S.C. § 2254." (Document No. 10 and Document No. 11, p. 12.) Respondent asserts that Petitioner's Petition "neither mentions a federal constitutional violation nor violation of any other federal law." (Document No. 11, p. 12.) Although Respondent acknowledges that Petitioner references his attached State court documents in his Petition, Respondent claims that Petitioner "does so only to 'incorporate [ ] the *facts* set forth in the attachments to [his] Petition." (<u>Id.</u>)(emphasis added). Respondent also contends that these attachments are only referenced as to his first two grounds for relief and not his third ground for relief. (<u>Id.</u>) Finally, Respondent states that it is significant that in Petitioner's Petition for Writ of Certiorari, "Petitioner acknowledged that his claims under AEDPA would likely be defeated: 'If this Court were to instruct Petitioner to proceed through the § 2254 gauntlet . . ..'" (<u>Id.</u>) Therefore, Respondent concludes that Petitioner's claims should not be addressed by this Court because Petitioner has failed to state a claim cognizable for federal *habeas* relief. (<u>Id.</u>)

In Response, Petitioner argues that he "has stated a cognizable claim for relief in accordance with the rules governing § 2254 proceedings." (Document No. 17, pp. 1 – 4.) Petitioner argues that Respondent's "argument ignores the fact that the Court-authored habeas form specifically instructs habeas petitioners *not* to put legal arguments on the petition form – only

facts." (<u>Id.</u>, p. 1.) Petitioner claims that "[t]he Court's role at this juncture is to determine whether the factual allegations state facts that, if true, would entitle the Petitioner to relief, and whether the state court record does indeed support the Petitioner's claims (or whether additional evidence is needs to be taken before a determination on the merits)." (<u>Id.</u>, p. pp. 1 – 2.) Petitioner notes that "[t]he facts have been developed at great length in the underlying state proceedings" and "[t]he relevant decisions of state litigation, which discussed those facts at length, were attached to the Petition." (<u>Id.</u>, p. 2.) Petitioner further notes that the Respondent supplied "significant additional portions of the record." (<u>Id.</u>) Next, Petitioner argues that his Petition complies with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court. (<u>Id.</u>) Specifically, Petitioner contends that "Rule 2(c) of those Rules sets forth the requirement for the petition, which include specifying all the grounds for relief, the facts supporting each ground, the relief requested, and the petition be legible and signed." (<u>Id.</u>) Petitioner emphasizes that "Rule 2(d) *requires* that the petition substantially follow the standard form." (<u>Id.</u>) Petitioner further states that "Rule 4 requires that the District Court 'promptly examine' a petition *prior* to ordering a response, and that the petition be dismissed if it 'plainly appears' that a petitioner is not entitled to relief." (<u>Id.</u>) Thus, Respondent concludes that if Petitioner's Petition was facially insufficient, the Court would have already dismissed the matter pursuant to Rule 4. (<u>Id.</u>) Finally, Petitioner argues that "the Fourth Circuit has described the standard to be applied to federal habeas petitions arising from state court convictions, applying 'they highly deferential lens mandated by [AEDPA]." (<u>Id.</u>, pp. 2 – 3.) Petitioner concludes that the West Virginia state courts (1) "arrived at 'a conclusion opposite to that reached by the Supreme Court on a question of law' and 'unreasonably applie[d]' one or more legal principles of constitutional import;" and (2) "based their decision on 'an unreasonable

14

determination of the facts in light of the evidence presented in the State court proceeding.'" (Id., p. 3.) Therefore, Petitioner states that his "rights have been violated under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution." (Id., pp. 3 – 4.) Petitioner then proceeds to set forth legal arguments in support of Ground One. (Id., pp. 4 – 10.) Petitioner, however, fails to address or clarify his legal arguments concerning Grounds Two and Three. (Id.) In closing, Petitioner requests that the Court: (1) "Deny the Respondent's motions to dismiss and for summary judgment;" (2) "Grant the Petitioner a new trial or arrest of judgment;" (3) "Grant an evidentiary hearing on any issue of fact necessary to determine the Petitioner's claims;" or (4) "Grant any other relief the Court deems just and proper." (Id., p. 10.)

In Reply, Respondent continues to argue Petitioner failed to state any cognizable claim. (Document No. 18.) Respondent first notes that the form-petition utilized by Petitioner directs Petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States." (Id., p. 2.) Respondent, however, notes that Petitioner "stated his grounds for relief in a conclusory manner and failed to provide the federal basis for each of his claims." (Id.) Although Respondent acknowledges that the form-petition directs that the petitioner "[s]tate the facts supporting each ground" and not include legal arguments, Respondent notes that the form further instructs that "[a]ny legal arguments *must* be submitted in a separate memorandum." (Id.) Respondent notes that Petitioner did not file a separate memorandum or otherwise set forth the legal basis for his claims. (Id.) Next, Respondent argues that Petitioner's reliance on Rule 2(c) and (d) is misplaced. (Id., pp. 2 – 3.) Specifically, Respondent contends as follows: (1) "Petitioner did not specify the federal and constitutional grounds for his claims" pursuant to Rule 2(c); and (2) Petitioner "did not follow the directions on

15

the form-petition requiring him to specify all grounds or the mandate that he file a memorandum with his legal analysis" pursuant to Rule 2(d). (Id., p. 3.) Respondent further notes that "[t]he fact that the Court did not summarily dismiss the petition pursuant to Rule 4 does not relieve Petitioner of his obligation to file proper claims." (Id.) Accordingly, Respondent argues that his motion to dismiss must be granted because "a petition must plead both a factual and legal basis for relief." (Id., pp. 2 – 3.)

*Habeas* petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 66 (1994). The petition must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief requested." Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. A "notice pleading is not sufficient [in federal *habeas corpus*], for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); also see Bernier v. Moore, 441 F.2d 395, 396 (1st Cir. 1971)(stating that "[t]he fundamental purpose of *habeas corpus* would be undermined if the writ were prostituted by holding it out as available upon mere 'notice' without any showing of entitlement.") "[A] federal court has no duty to second guess the intentions of habeas corpus petitioners. One who alleges a denial of constitutional rights has a duty to clearly present his arguments to the court with such facts as are necessary to insure the court's understanding." Allen v. Reardon, 457 F.Supp. 966, 968 (D.Mass. 1978)(citing Nail v. Slayton, 353 F.Supp. 1013 (W.D.Va. 1972)). The petitioner must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F.2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), *abrogation on other grounds recognized*, Yeatts v. Angelone,

16

166 F.3d 255 (4th Cir. 1999). Unsupported, conclusory allegations do not entitle a petitioner to relief. See Beasley v. Halland, 649 F.Supp. 561, 566 (S.D.W.Va. 1986)(finding that "[m]ere conclusory charges of perjury and the knowing use of perjured testimony is insufficient to warrant a hearing or habeas relief"); Jones v. Gomez, 66 F.3d 199, 204 - 05 (9th Cir. 1995)(stating that "[c]onclusory allegations which are not supported by a statement of specific facts do want warrant habeas relief").

Based upon a review of Petitioner's Petition, the undersigned finds that Petitioner's Petition is insufficiently plead thereby requiring supplementation. As stated above, federal *habeas* relief is available only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." In his Petition, Petitioner asserts three grounds of error. Petitioner, however, completely fails to set forth a violation of a specific federal constitutional right or federal law in his grounds of error. In his Response, Petitioner attempts to excuse his failure by placing fault with the "Court-authored habeas form." Specifically, Petitioner argues that the "Court-authored habeas form specifically instructs habeas petitioners *not* to put legal arguments on the petition form – only facts." A thorough review of the Court's form-petition reveals the contrary. Although the Court's form-petition directs a petitioner to "not argue or cite law" in the subsection for "Supporting facts," the form-petition prior to this subsection directs a petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States." Specifically, the Court's form-petition states, in pertinent part, as follows:

* * *

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claims): _____

_____

_____

_____

_____

_____

***

The Court's form-petition clearly directed Petitioner to "state every ground" in which he claimed to be held "in violation of the Constitution, laws, or treaties of the United States" and file a separate memorandum containing his legal arguments. Rule 2(d) provides that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Petitioner does not dispute that his Petition failed to specify the federal and constitutional grounds for his claims or that he failed to file a separate memorandum containing his legal arguments. Petitioner must state facts that point to a "real possibility of constitutional error." The undersigned acknowledges that in Grounds One and Two of his Petition, Petitioner states in the "Supporting fact" subsection that he "incorporates the facts set forth in the attachments to this Petition." (Document No. 1., pp. 5 and 7.) To the extent Petitioner claims this was an adequate substitution for his failure to specify the federal or constitutional grounds for his claims, the undersigned finds such to be inadequate. It is not the responsibility of the Court to review the State Court record in an effort to determine the substance of Petitioner's federal claims. See de la O v. Housing Authority of City of El Paso, 417 F.3d 495, 501 (5th Cir. 2005)("Judges are not like

18

pigs, hunting for truffles buried in briefs.") Additionally, Petitioner's pleadings are not entitled to liberal construction because he is not proceeding *pro se*. <u>See</u> <u>Beasley v. McCotter</u>, 798 F.2d 116, 118 (5th Cir. 1986)(briefs prepared by an attorney are not given the benefit of liberal construction); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978)(*pro se* pleadings are to be liberally construed and held to a less stringent standard than those drafted by attorneys); <u>Polidi v. Bannon</u>, 226 F.Supp.3d. 615, fn. 1 (E.D.Va. Dec. 28, 2016)(collecting cases that refused to give liberal construction to pleadings prepared by attorneys); <u>Muncy v. Centex Home Equity Co., LLC.</u>, 2014 WL 3359335, fn. 1 (W.D.Va. July 9, 2014)(declining to apply liberal construction where the pleadings appeared to have been prepared by an attorney). Thus, the undersigned finds that Petitioner's claims are insufficiently plead. The undersigned, however, finds that dismissal is improper at this point in the proceedings. When considering "the face of the petition and [the] attached exhibits," the undersigned is unable to find that Petitioner cannot state a claim for relief. Since it appears that Petitioner's Petition can be remedied by supplementation, the Court finds it would be improper to dismiss Petitioner's Petition without providing him the opportunity to file such.[4] <u>See</u> <u>Gaultney v. Ballard</u>, 2011 WL 4499304 (S.D.W.Va. 27, 2011). The undersigned concludes that Petitioner should be allowed the opportunity to supplement his petition to address deficiencies in each ground of error by setting forth the following: (1) The applicable federal law or constitutional violation; (2) A summary of facts supporting the ground of error; (3) Citation to cases supporting each ground of error and legal analysis; and (4) A statement relating how the State Court's decision resulted in a decision that (a) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

---

[4] Even a dismissal without prejudice would likely result in a subsequently filed Petition being untimely.

States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Based upon the undersigned's determination that Petitioner should be allowed an opportunity to supplement his Petition to address the noted deficiencies, the undersigned declines to address the merits of Respondent's alternative argument for summary judgment at this time.[5]

Based upon the foregoing, the undersigned respectfully recommends that the District Court deny without prejudice Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 10) and refer the matter back to the undersigned for further proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY without prejudice** Respondent's "Motion to Dismiss and for Summary Judgment" (Document No. 10) and **REFER** this matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court

---

[5] Despite Respondent's argument that Petitioner's Petition should be dismissed for failure to state a cognizable federal claim, Respondent appears to assume arguments on Petitioner's behalf and alternatively requests summary judgment. (Document No. 11, pp. 13 – 23.) The undersigned notes that Petitioner is represented by counsel and this Court will not assume arguments on Petitioner's behalf. Once Petitioner is provided an opportunity to file a supplement, Respondent may file his responsive pleading including a motion to dismiss and/or motion for summary judgment.

specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to counsel of record.

Dated: January 10, 2024.



Omar J. Aboulhosn
United States Magistrate Judge