UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

GARY LEE ROLLINS

       Plaintiff,

v.                                                Civil Action No. 2:22-cv-00585

DONNIE AMES,

       Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending is Respondent Donnie Ames' Motion to Dismiss and for Summary Judgment (ECF No. 10), filed April 20, 2023, and Petitioner Gary Lee Rollins' Motion for Leave to Amend Petition (ECF No. 22), filed January 26, 2024.  Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) on December 16, 2022.  Being a habeas corpus petition, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, who submitted his proposed findings and recommendations ("PF&R") (ECF No. 20) on January 10, 2024, recommending that respondent's motion be denied without prejudice so that petitioner may amend his petition.  Respondent filed objections to the PF&R (ECF No. 21) on January 24, 2024.  Petitioner did not file objections but did file the above-mentioned Motion for Leave to Amend, to which

respondent filed a response in opposition (ECF No. 23) on February 9, 2024.

## I. BACKGROUND

This petition for habeas corpus arises out of petitioner's conviction for the murder of his wife, Teresa Rollins, before the Nicholas County Circuit Court.  See PF&R at 1.  On August 21, 2012, following a four-day jury trial, petitioner was convicted of murder with no recommendation of mercy.  Id.  On September 26, 2012, after denying petitioner's motion for a new trial, the circuit court sentenced petitioner to life in prison without the possibility of parole.  Id. at 1–2.

On May 23, 2015, petitioner filed a petition for writ of habeas corpus in the Nicholas County Circuit Court.  Id. at 3.  The court appointed habeas counsel and, through his attorneys, petitioner amended the habeas petition on November 7, 2016.  Id.  The court conducted an omnibus hearing regarding the petition on January 17 and 30, 2019, and on January 16, 2020, the court denied the petition.  Id. at 4–5.

On May 21, 2020, petitioner filed through counsel an appeal to the West Virginia Supreme Court of Appeals, which affirmed the denial on June 10, 2022.  Id. at 5.  He filed a pro

se petition for a writ of certiorari with the United States Supreme Court on August 3, 2022, which was denied on January 9, 2023.  Id.

On December 16, 2022, while the petition for writ of certiorari was pending, petitioner initiated the instant matter by filing, through counsel, the § 2254 petition for writ of habeas corpus.  The petition was filed using the court-authored form, "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," which provides the following instructions for stating grounds for relief:

> [S]tate every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. . . . State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

Pet. at 6, ECF No. 1.  Petitioner's petition describes three grounds for relief: (1) "Prosecutorial [m]isconduct in the form of lying to the jury, and suppressing evidence of a witness inducement," id. at 6; (2) "Deprivation of an impartial jury of qualified jurors, and of fairness in jury procedures," id. at 8; and (3) "Errors of constitutional scope in evidentiary rulings," id. at 9.  Petitioner did not file an accompanying memorandum containing legal arguments and explaining what constitutional provisions or laws were violated by those three alleged occurrences.

The respondent filed a motion to dismiss and for summary judgment with an accompanying memorandum arguing that petitioner failed to state a claim and asserting defenses on the merits to the grounds for relief contained in the petition.  See Resp't's Mot. Dismiss & Summ. J., ECF No. 10; Respondent's Mem. Supp., ECF No. 11.

Petitioner filed a response in opposition arguing that he stated a cognizable claim for relief by following the directions of the court-authored habeas form; he also responded to respondent's arguments on the merits.  See Pet'r's Resp., ECF No. 17.  Respondent subsequently filed a reply.  See Resp't's Reply, ECF No. 18.

The magistrate judge entered the PF&R on January 10, 2024, which recognizes that the petition failed to state a claim because it did not attach the required accompanying memorandum raising petitioner's legal arguments, but recommends that respondent's motion be denied so as to allow petitioner the opportunity to amend his petition.

Respondent makes two objections to the PF&R.  First, respondent maintains that the findings and recommendations are inapposite to the standard to defeat a motion to dismiss, that is, that the PF&R recommends that the court "essentially liberally construe Petitioner's claims, even though he is

represented by counsel, and allow Petitioner to amend his claims." Resp't's Objs. at 2, ECF No. 21. Respondent argues that, as the magistrate judge found that petitioner failed to set forth any legal basis for the grounds of relief sought, the petition should be dismissed. Id.

Second, respondent argues that petitioner's failure to set forth a cognizable claim divests the court of jurisdiction over the petition. Id. He contends that a § 2254 claim is only cognizable if it alleges a violation of the Constitution or laws and treaties of the United States, and as the petition fails to do so, it is not a proper habeas claim and, it follows, the court does not have jurisdiction to consider the claim. Id. at 2-3.

Petitioner's motion for leave to amend the petition pursuant to Federal Rule of Civil Procedure 15(a), which provides that leave of court should be "freely give[n]" when "justice so requires," asks that the court grant petitioner twenty days to file an amended complaint that details the legal arguments in support of his petition.

## II. LEGAL STANDARD

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the

magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, a [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report . . . to which objection is made.  28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) ("De novo review is not required when a party makes general or conclusory objections that do not direct the court to a specific error . . . ."); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]."  United States v. Hernandez-Aguilar, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

### III. ANALYSIS

The court adopts the factual and procedural background in the PF&R, to which no objections were made, but declines to review the recommendations in the PF&R or the objections raised by the respondent at this time.  Upon review of the record, it appears that petitioner simply misunderstood the court-authored habeas petition form and believed there would be a later opportunity to submit his legal arguments, which is why he did not submit them concurrently.  It is in the interests of justice to permit petitioner to amend his petition in order to include his legal arguments in support of the grounds for relief stated therein, so that this matter may be considered on the merits, rather than dismissed on the basis of a procedural misunderstanding.

### IV. CONCLUSION

Accordingly, it is ORDERED that:

1.  The magistrate judge's Proposed Findings and Recommendations are adopted;

2.  Petitioner's Motion for Leave to Amend Petition (ECF No. 22) be, and it hereby is, GRANTED and petitioner shall have twenty days to file an amended petition

with accompanying memorandum on or before July 3, 2024;

3.   Respondent's Motion to Dismiss and for Summary Judgment (ECF No. 10) is DENIED without prejudice; and

4.   This matter is referred to the magistrate judge for further proceedings.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: June 13, 2024


John T. Copenhaver, Jr.
Senior United States District Judge