UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**GARY LEE ROLLINS,**

    Petitioner,

v.                                      Civil Action No. 2:22-cv-00585

**DONNIE AMES,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are the objections of the petitioner, Gary Lee Rollins, filed on January 20, 2025, to the second Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Omar J. Aboulhosn, filed on December 17, 2024. ECF No. 34.

## I. BACKGROUND

This petition for habeas corpus, filed under 28 U.S.C. § 2254, arises out of petitioner's conviction for the murder of his wife, Teresa Rollins, before the Nicholas County Circuit Court. PF&R at 1. On August 21, 2012, following a four-day jury trial, the petitioner was convicted of murder with no recommendation of mercy. Id. Thereafter on September 26, 2012, after denying petitioner's motion for a new trial, the Nicholas County Circuit Court sentenced the petitioner to life in prison without the possibility of parole. Id. at 1-2. His appeal to the West Virginia

Supreme Court of Appeals ("SCAWV") was denied on June 17, 2014, confirming his conviction and sentence. Id.

### 1. First PF&R

On May 23, 2015, petitioner filed a petition for writ of habeas corpus in the Nicholas County Circuit Court ("State *habeas* court"). Id. at 3. That court appointed habeas counsel, and through his attorneys, petitioner amended the habeas petition on November 7, 2016. Id. The court then conducted an omnibus hearing regarding the petition on January 17 and 30, 2019, and denied the petition on January 16, 2020. Id. at 4-5.

On May 21, 2020, petitioner filed through counsel an appeal to the SCAWV which affirmed the denial on June 10, 2022. Id. at 5. He filed a *pro se* petition for a writ of certiorari with the United States Supreme Court on August 3, 2022, which was denied on January 9, 2023. Id.

On December 16, 2022, while the petition for writ of certiorari was pending, petitioner initiated the instant matter by filing, through counsel, the § 2254 petition for writ of habeas corpus. PF&R at 5. The petition describes three grounds for relief: (1) "Prosecutorial [m]isconduct in the form of lying to the jury, and suppressing evidence of a witness inducement," (2) "Deprivation of an impartial jury of qualified jurors, and of

2

fairness in jury procedures," and (3) "Errors of constitutional scope in evidentiary rulings." Id. at 6.  Petitioner did not file an accompanying memorandum containing legal arguments and explaining what constitutional provisions or laws were violated by those three alleged occurrences.  Id.

Thereafter, the respondent filed his first motion to dismiss and for summary judgment with an accompanying memorandum arguing that the petitioner failed to state a claim and asserting defenses on the merits to the grounds for relief contained in the petition.  ECF Nos. 10, 11.

Petitioner filed a response in opposition arguing that he stated a cognizable claim for relief by following the directions of the court-authored habeas form; he also responded to respondent's arguments on the merits, ECF No. 17, to which respondent filed a reply.  ECF No. 18.

The magistrate judge entered the first Proposed Findings and Recommendation on January 10, 2024, which recognized that the petitioner failed to state a claim because he did not attach the required accompanying memorandum raising petitioner's legal arguments.  ECF No. 20.  Nevertheless, the magistrate judge recommended that the respondent's motion be denied in order to allow petitioner the opportunity to amend his petition.  Id.  On June 13, 2024, the court adopted the first Proposed Findings and

3

Recommendation, granted petitioner's "Motion for Leave to Amend Petition," directed the petitioner to file his amended petition, and referred the matter again to the magistrate judge for further proceedings. ECF No. 24.

### 2. Second PF&R

On July 3, 2024, the petitioner filed his amended petition. ECF No. 25. The respondent, on August 19, 2024, filed a second "Motion to Dismiss and Judgment on the Pleadings." ECF No. 29. Thereafter, the petitioner filed a "Reply/Objections" to respondent's motion on September 19, 2024. ECF No. 32. The respondent then filed his "Reply" brief on September 26, 2024, responding to petitioner's objections and clarifying that respondent was raising the issue of procedural default as found in the second PF&R. ECF No. 33. The petitioner did not file a reply.

Nearly three months later, the magistrate judge entered the second PF&R on December 17, 2024, recommending that the court grant respondent's second "Motion to Dismiss and for Judgment on the Pleadings."[1] PF&R at 46.

---

[1] The magistrate judge concluded that the petitioner failed to state a cognizable claim in his amended petition as to his allegations that (1) he was denied an impartial jury of qualified jurors, or fairness in the jury procedures ("Ground Two") and (2) he was subject to errors in evidentiary rulings ("Ground Three"). PF&R at 43. Petitioner does not raise objections to the portion of the PF&R relating to Grounds Two and Three.

The petitioner, after receiving an extension, timely filed objections to the second PF&R on January 20, 2025. ECF No. 37. The petitioner raises four objections to the second PF&R: (1) application of the defense of procedural default is improper because the respondent failed to timely raise the defense of procedural default arising out of the defendant's failure to object at trial to the prosecutor's closing argument that the State's witness April Bailes ("Ms. Bailes"), who was the defendant's paramour at the time of the murder, would be prosecuted when knowing she would not, (2) alternatively, that the magistrate judge erred in finding that the petitioner failed to show cause and prejudice or a fundamental miscarriage of justice in the face of procedural default, (3) the magistrate judge erred in finding no merit to petitioner's Brady claim relating to failure to disclose the prosecutor's alleged agreement with the State's witness Ms. Bailes, and (4) the magistrate judge erred in concluding that petitioner failed to establish a Napue claim relating to the prosecutor's alleged false statement to the jury. Id.

On February 3, 2025, the respondent filed a response to the objections raised by the petitioner, again emphasizing procedural default. ECF No. 38. The petitioner has not filed a reply.

## II. LEGAL STANDARD

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made. See Thomas v. Arn, 474 U.S. 140 (1985). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)("De novo review is not required when a party makes general or conclusory objections that do not direct the court to a specific error ...."); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the

6

[PF&R].&quot; United States v. Hernandez-Aguilar, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).

### III. ANALYSIS OF SECOND PF&R

A. Procedural Default

The petitioner, in his amended petition, alleges that Prosecutor Milam's closing remarks at trial constitute prosecutorial misconduct. ECF Nos. 25, 26. Specifically, petitioner claims that Prosecutor Milam, to bolster the testimony of the State's witness Ms. Bailes, lied to the jury when he proclaimed during rebuttal that the jury could "bet your behind" that he intended to prosecute Ms. Bailes. ECF No. 26 at 31. In his State *habeas* appeal, the petitioner raised the issue of Prosecutor Milam's remarks. ECF No. 1-2. However, the SCAWV refrained from addressing the issue after determining that the petitioner failed to object to the prosecutor's remarks during trial and thereby waived the claim. Id.

Next, the SCAWV declined to assess the prosecutorial misconduct claim under the "plain error" standard after determining that, "in making accusations against the prosecutor in its closing argument, the defense invited the prosecutor's comment." Id. at 18. Since a party is prevented from "inducing an inappropriate or erroneous response and then later seeking to

profit from that error," the petitioner could not invoke the plain error standard. See State v. Crabtree, 482 S.E.2d 605, 612 (W. Va. 1996).

In the second PF&R, the magistrate judge noted that respondent's "mere indication that the SCAWV found the Petitioner had waived the [prosecutorial misconduct] claim would be insufficient to raise procedural default as a defense." PF&R at 27. However, the magistrate judge concluded that "[r]espondent clarified he was asserting procedural default in his Reply" to the petitioner's objections regarding respondent's second "Motion to Dismiss and Judgment on the Pleadings." Id.

Petitioner maintains that his prosecutorial misconduct claim is not barred based on procedural default because respondent failed to properly raise it as an affirmative defense. ECF No. 37. Specifically, petitioner contends that respondent did not raise procedural default in a response to a pleading or in a motion to dismiss as required for an affirmative defense by FRCP 8(c), but instead did so in a reply. Id. at 3.

The respondent in turn asserts that while he clarified procedural default in his Reply brief, it was "intimately related" to his argument raised in his memorandum in support of the second motion to dismiss and for summary judgment, by virtue of which respondent contends that he properly invoked the affirmative

8

defense and that petitioner's waiver, by failing to object at trial, constitutes a procedural default.  ECF No. 38.

As noted by the respondent in his response to the petitioner's objections, a district court generally cannot consider new arguments raised in a reply brief.  <u>De Simone v. VSL Pharms, Inc.</u>, 36 F.4th 518, 531 (4th Cir. 2022)(quoting <u>United States v. Small</u>, 720 F.3d 193, 197 (4th Cir. 2013)).  However, a "district court may consider an argument raised for the first time on reply under certain circumstances."  <u>Id.</u>  In choosing to exercise such discretion a district court "rel[ies] on a variety of circumstances."  <u>Id.</u>  The district court may decide to "overlook waiver" by the respondent where the untimely argument is "intimately related" to the grounds for the respondent's motion.  <u>Id.</u>  Additionally, as noted in <u>De Simone</u>, the court may choose to consider an untimely argument where the non-movant had the "opportunity to contest an untimely argument in a sur-reply."  <u>Id.</u>

Upon review, the court finds that the magistrate judge aptly concluded that the prosecutorial misconduct claim is procedurally defaulted.  While the respondent fails to directly claim procedural default in his second motion to dismiss (ECF Nos. 29, 30), he reiterates in his Reply brief the bases of the claims he had set forth in his second motion to dismiss.  The respondent, in his second motion to dismiss, asserted that the SCAWV "properly

9

found that Petitioner waived any objection to the prosecutor's comment and that petitioner invited such error." ECF No. 30 at 22. Thereafter, in respondent's Reply, he restates that same position. ECF No. 33 at 3-4. The respondent asserts in his Reply that "[i]n essence, Petitioner's waiver constitutes procedural default in federal court because the State court did not address the claim based in part on waiver." Id. These statements are intimately related in that they similarly represent respondent's contention that petitioner failed to preserve any objection to the prosecutor's remarks made during his closing argument by failing to object at trial.

Further, the petitioner had various opportunities to raise issue with the procedural barring of the prosecutorial misconduct claim. First, the court granted petitioner's "Motion for Leave to Amend Petition" (ECF No. 22) and directed the petitioner to file an amended petition "in order to include his legal arguments in support of the grounds for relief stated therein." ECF No. 24. In his amended petition, the petitioner did not convey any argument regarding the procedural default issue. ECF No. 26. Additionally, petitioner could have sought leave to file a sur-reply once he was on specific notice of respondent's procedural default assertion. Although there is no requirement for the petitioner to file a sur-reply, the "lack of requirement

doesn't mandate" the court "ignore a non-movant's strategic decision." De Simone, 36 F.4th at 532.

Moreover, it is again noted that the respondent filed his Reply brief on September 26, 2024. The magistrate judge filed the PF&R on December 17, 2024. Nearly three months passed after the Reply brief was filed until the PF&R was filed, which provided the petitioner with ample time in which to file a sur-reply.

Finally, petitioner failed to raise the issue again when he neglected to file a reply to the respondent's response in the district court to the petitioner's objections. ECF No. 38. In view of the fact that the petitioner repeatedly chose not to raise issue with respondent's assertion of procedural default, though having multiple opportunities to do so, the issue cannot now be successfully contested by the petitioner.

As a result, the court finds that it may consider the respondent's argument and concludes that the court is procedurally barred from considering the prosecutorial misconduct claim, unless the petitioner demonstrates that procedural default is excused. The petitioner has attempted to do so by objecting that the magistrate judge erred in finding petitioner failed to show cause and prejudice or a fundamental miscarriage of justice that would excuse his procedural default. ECF No. 37. The court agrees with the magistrate judge that petitioner failed to demonstrate either

cause or prejudicial circumstances excusing his procedural default or that the prosecutor's remarks during closing arguments caused a miscarriage of justice.  PF&R at 28.  As noted by the magistrate judge there is no indication that some objective factor external to the defense impeded defense counsel from objecting to the prosecutor's remarks during closing arguments.  Id.  Additionally, there is no indication that the petitioner faced errors at his trial that worked to his "actual and substantial disadvantage." Id.  Petitioner's objection in this regard is without merit.

Given the evidence presented, the court finds there was no unreasonable determination of facts or application of federal law regarding the procedural barring of the prosecutorial misconduct claim, and further finds that the issue of procedural default was timely raised in the district court.

B. Brady Claim

Petitioner objects to the magistrate judge's rejection of his Brady claim that the prosecutor failed to advise the defense of an agreement with Ms. Bailes in exchange for her testimony. ECF No. 37.  The petitioner continues to maintain that a plea agreement existed, and material evidence was suppressed.  Id.  In his amended petition, the petitioner emphasizes that Prosecutor Milam failed to disclose offers, promises, or discussions of leniency as to Ms. Bailes.  ECF Nos. 25, 26.  The petitioner

12

contends that the SCAWV erred when it determined that no plea agreement existed between the State and Ms. Bailes before her testimony. Id. at 26.

Under scrutiny in the Brady claim is the testimony of Ms. Bailes, Ms. Stanton, and Prosecutor Milam. First, Ms. Bailes testified on three separate occasions about the existence of a plea agreement. PF&R at 32. On August 15, 2012, at the criminal trial Ms. Bailes testified that she had not been promised anything in exchange for her testimony and there was no plea agreement. ECF No. 10-3. Six years later, on October 15, 2018, she asserted in her deposition that Prosecutor Milam promised not to prosecute her in exchange for her testimony. ECF No. 10-8. Then, on January 30, 2019, during the omnibus hearing before the State *habeas* court, she stated she believed there would be a plea agreement provided she testified but, ultimately, she acknowledged that her testimony during the underlying criminal trial, where she stated there was no plea agreement, was most accurate. Id. Second, Public Defender Cynthia Stanton, who represented Ms. Bailes at the time of the trial, testified that there were negotiations of an oral plea agreement, but nothing concrete. ECF No. 10-8. Finally, Prosecutor Milam testified he intended to prosecute Ms. Bailes, but upon further examination determined he could not. ECF No. 10-7.

13

The State *habeas* court concluded that "it is undisputed that the terms of any plea agreement in this case were never reduced to writing." ECF No. 1-5. The State *habeas* court determined that "[b]ased on the totality of the evidence, the Court FINDS that there was no plea agreement or immunity agreement between the State and April Bailes when she testified at the trial of the petitioner." Id. at 17-18. The SCAWV likewise found that the State *habeas* court's conclusion that there was no consummated plea agreement was adequately supported. ECF No. 1-7 at 10. Without the existence of a plea agreement, the SCAWV found there was no support for petitioner's Brady claim or the assertion that Ms. Bailes' trial testimony was false. Id.

In the second PF&R, the magistrate judge concluded there was no "clear and convincing evidence" that the State *habeas* court made an unreasonable determination of facts when it found there was no plea agreement in existence to suppress. ECF No. 34 at 32. The court finds no error in the magistrate judge's conclusion. In order to find merit in petitioner's objection, the court would have to conclude that it was unreasonable for the State *habeas* court to have determined there was no plea agreement to suppress even though the testimony adequately supports the finding that no plea agreement existed. The court agrees with the magistrate judge

that the testimony at issue does not sufficiently establish the existence of a plea agreement.

Next, even if the court assumes a plea agreement existed the petitioner has not established materiality or prejudice as required by Brady. Ms. Bailes' credibility was rigorously challenged by defense counsel during the trial. PF&R at 37. Thus, there was considerable opportunity to draw out inconsistences in her testimony for the jury. As noted by the State *habeas* court, "[t]here was overwhelming evidence presented in the trial that led to the conviction of this petitioner aside from the testimony of April Bailes." Id. The court agrees with the magistrate judge that there is no indication of a reasonable probability that a different result would have ensued with the disclosure of the alleged consummated plea agreement. Id.

Accordingly, the court overrules petitioner's objection insofar as it challenges the magistrate judge's finding that petitioner's Brady claim is without merit.

C. Napue Claim

Petitioner also objects to the magistrate judge's conclusion that petitioner's Napue claim is without merit. ECF No. 37. The petitioner maintains that Prosecutor Milam violated Napue when he "lied outright to the jury about his intentions

15

during [closing] argument." ECF No. 26. The prosecutor is said by him to have "had no intention of indicting Ms. Bailes at the moment he told the jury he intended to do just that." Id.

The magistrate judge found that petitioner's claim does not constitute Napue material. PF&R at 39. As explained under the Brady claim, there was no evidence that a plea agreement with Ms. Bailes was ever consummated. Id. Further, Prosecutor Milam testified that it was his intent to indict Ms. Bailes, but he ultimately determined that he could not do so after conducting research. Id.

Moreover, as explained under the Brady claim, defense counsel rigorously challenged Ms. Bailes' credibility before the jury. PF&R at 37. The evidence of the petitioner's guilt was otherwise overwhelming as found by the State *habeas* court. Id. The magistrate judge aptly concluded that the determination made by the State *habeas* court was "not contrary to, or an unreasonable application of, clearly established federal law; or based on an unreasonable determination of the facts." Id. at 41.

The court finds no error in the magistrate judge's conclusion. First, it is not unreasonable for the magistrate judge to conclude that Prosecutor Milam did not lie about his then intent to prosecute Ms. Bailes. Second, as noted by the magistrate judge,

the petitioner did not establish the necessary prejudice or materiality required.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. The second PF&R (ECF 34) be, and hereby is, ADOPTED and incorporated herein;

2. Respondent's "Motion To Dismiss and for Judgment on the Pleadings" (ECF 29) be, and hereby is, GRANTED;

3. Petitioner's objections (ECF 37) be, and hereby are, OVERRULED;

4. This action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 25, 2025

John T. Copenhaver, Jr.
Senior United States District Judge